IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John S. Stritzinger, | ) | C/A No. 3:15-mc-286-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| State of Delaware; Peter Feliciangel, *Assistant* | ) | |
| *Prosecutor - Medical Issues*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, John S. Stritzinger, a self-represented litigant, brings this action, filed pursuant to 42 U.S.C. § 1983, asking the court to strike proceedings in a Delaware court and to file this case under seal. (ECF No. 1.) Plaintiff also files a motion for leave to proceed *in forma pauperis* in this action. (ECF No. 2.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Plaintiff's motion to seal does not comply with Local Civil Rule 5.03 (D.S.C.), which governs the filing of motions under seal. Therefore, Plaintiff's motion to seal is denied. (ECF No. 1.)

**I.     Factual and Procedural Background**

Plaintiff claims that a pending criminal case against him in a Delaware Superior Court raises the same allegations made against Plaintiff by his brother, William R. Stritzinger, in a previous state court case. (ECF No. 1 at 1.) Plaintiff alleges that the first criminal complaint made by Plaintiff's brother was dismissed by a Delaware state court and that the pending criminal case constitutes

double jeopardy in violation of the Fifth Amendment. (Id. at 1-2.) Plaintiff asks this court to strike the Delaware state court proceeding.[1] (Id.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which

---

[1] Plaintiff also filed a "Notice of Appeal of Double Jeopardy Proceeding" seeking the same relief. (ECF No. 9.) As no appealable rulings or orders have yet been made/issued in this case, this document has been construed and docketed as a supplement to Plaintiff's originally filed motion to strike proceedings in a Delaware court.



the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.  Analysis

1.  **Motion to Strike**

Plaintiff's motion asks this court to strike a criminal proceeding in a Delaware court. (ECF No. 1 at 1.) Plaintiff provides no authority to support jurisdiction of this court to review a final ruling of a state court. Rather, "Congress has vested appellate jurisdiction over state court decisions with the United States Supreme Court." Willner v. Frey, 243 F. App'x 744, 746 (4th Cir. 2007) (citing 28 U.S.C. § 1257(a)).

Moreover, the United States Supreme Court has held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. See Younger v. Harris, 401 U.S. 37 (1971); see also Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44. From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin



Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

To the extent Plaintiff seeks dismissal of pending state criminal charges, the first part of the test is satisfied. The second part of the test is met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Supreme Court also addressed the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975); see also Gilliam, 75 F.3d at 904. In this case, Plaintiff's motion to strike the Delaware criminal proceeding fails to allege the absence of an adequate state remedy or plausibly assert that he will suffer irreparable injury if denied equitable relief. Therefore, the court finds that, to the extent Plaintiff asks this court to strike a proceeding in a pending state criminal matter, abstention is appropriate and Plaintiff's motion should be denied.[2]

---

[2] The court further notes that, even if abstention were not deemed appropriate, Plaintiff has not named a proper defendant under § 1983. First, the State of Delaware is protected from Plaintiff's constitutional claims by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); see also Scott v. Delaware Dep't of Family Servs., 530 F. App'x 129, 130 (3d Cir. 2013) (noting that "Delaware has not waived its Eleventh Amendment immunity"). Moreover, prosecutors have absolute immunity for activities in or connected with judicial proceedings such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Therefore, any claims against Defendant Peter Feliciangel related to his prosecution of Plaintiff's criminal charges are barred by the doctrine of prosecutorial immunity.



### 2. Motion to Proceed *In Forma Pauperis*

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. See Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 337-44 nn.5-10 (1948). Further, "there are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation." Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976) (citation omitted). Citing Adkins and cases in the Third and Fifth Judicial Circuits, Carter set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a): "Is petitioner barred from the Federal Courts by reason of his impecunity? Is access to the courts blocked by the imposition of an undue hardship? Is petitioner forced to contribute his last dollar, or render himself destitute to prosecute his claim?" Carter, 452 F. Supp. at 943 (citations omitted).

Upon review of the information before the court, and mindful of the tests set forth in Carter, the court concludes that Plaintiff has failed to provide sufficient information to demonstrate that he would be rendered destitute by being required to pay the filing costs of $400 (which includes the $50 administrative fee), and there is no allegation that requiring payment of these costs would impose an undue hardship or effectively block Plaintiff's access to the courts. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." Brewster v. N. Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).



Therefore, Plaintiff's motion to proceed *in forma pauperis* should be denied, or in the alternative, terminated as moot if the court's recommendation to deny Plaintiff's motion to strike a Delaware criminal proceeding is adopted.

**III.    Conclusion**

Accordingly, the court recommends that Plaintiff's motion to strike be denied. (ECF No. 1.) The court further recommends that Plaintiff's motion to proceed *in forma pauperis* be denied, or terminated as moot. (ECF No. 2.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 21, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).